**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-4617
_____

UNITED STATES OF AMERICA

v.

PAUL KING,
                             Appellant
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(E.D. Pa. No. 10-CR-06-00537-1)
District Judge: Honorable Paul S. Diamond
_____

Submitted Under Third Circuit L.A.R. 34.1(a)

October 1, 2012

Before: FUENTES, FISHER and GREENBERG, *Circuit Judges*

(Opinion Filed: November 6, 2012)
_____

OPINION OF THE COURT
_____

FUENTES, *Circuit Judge*:

Paul King ("King" or "Appellant") appeals his sentence of 292 months

imprisonment for conspiracy to distribute five kilograms or more of cocaine and for

possession with intent to distribute a controlled substance in violation of 21 U.S.C. § 846

and 21 U.S.C. § 841(a)(1), (b)(1)(A), respectively (collectively, the "Counts"). King argues that the United States District Court for the Eastern District of Pennsylvania violated *Apprendi v. New Jersey*, 530 U.S. 466 (2000), by classifying him as an "organizer " or "leader," which resulted in a four-level enhancement of his sentencing guidelines range. King also argues that the sentence imposed was unreasonable in light of his severe health problems. We disagree, and thus affirm.

## I.     Factual and Procedural Background

As we write solely for the parties, we recite only those facts necessary to our decision. This case involves a conspiracy to deliver cocaine from Texas to Philadelphia, Pennsylvania. On May 6, 2005, a confidential informant ("Informant") met with King's co-defendant, Luis Fernandez Ruiz-Herrera ("Ruiz-Herrera"), to set up a delivery of cocaine to King in Philadelphia. Subsequently, Ruiz-Herrera provided the Informant with the number for a contact in Laredo, Texas ("Contact") and directed him to call the contact about transporting a load of cocaine. Ruiz-Herrera also provided the Informant with instructions for the delivery of the cocaine. Later, the Informant called the Contact, and arranged for pick-up of the shipment destined for Philadelphia.

On June 28, 2005, the Informant delivered approximately 90 kilograms of cocaine to a lot King owned in Philadelphia. Subsequently, King arrived at the lot and oversaw the transfer of the cocaine from pipes in the Informant's tractor-trailer to a white van. Thereafter, the DEA executed a search warrant for the white van and found 89.93

kilograms of cocaine. Following his arrest and conviction, the District Court sentenced King to 292 months imprisonment.[1]

## II. Discussion

### A. Enhancement for Organizer or Leadership Role

King's primary argument, on appeal, is that "the District Court erred when it imposed a four-[level] enhancement pursuant to 3B1.1(a). . . ." App. Br. 7. Appellant's reliance on *Apprendi* is identical to that of his co-defendant in *United States v. Ruiz-Herrera*, No. 11-2166, and, therefore, our reasoning there applies with equal force. For substantially the same reasons set forth in *Ruiz-Herrera*, we conclude the District Court did not violate *Apprendi* when it found that King was an "organizer" or "leader" for sentencing purposes. Moreover, we find that the record reflects that the District Court's finding that King was a "leader" or "organizer" in the delivery of cocaine is supported by a preponderance of the evidence.

### B. Section 3553(a) Analysis

At sentencing, King argued that he suffered from a series of health problems, which included thyroid cancer, a lobectomy, and two previous heart attacks. King argues that the District Court's sentence of 292 months is unreasonable because his health at the time of sentencing was extremely poor. "In reviewing the [District Court's] sentence, [we] . . . ensure that the district court made no significant procedural errors and consider

---

[1] The District Court had jurisdiction pursuant to 18 U.S.C. § 3231. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review the District Court's factual determination for clear error and *de novo* application of the law to the facts. *United States v. Lafferty*, 503 F.3d 293, 298 (3d Cir. 2007).

the substantive reasonableness [of the sentence imposed] under an abuse of discretion standard." *Gall v. United States*, 552 U.S. 38, 39 (2007). We take into account the totality of the circumstances, including the extent of a variance from the sentencing guidelines range. *See id.* We must also give due deference to the District Court's consideration of the 18 U.S.C. § 3553(a) factors.[2] *See id.* Reversal is not warranted where an appellate court might have reasonably reached a different conclusion. *See id.*

King has not identified any procedural error committed by the District Court in determining his sentence. The record reflects, and King acknowledges, that the District Court took King's physical health problems into full consideration while determining his sentence. Despite this consideration, King received a sentence that is still within the sentencing guidelines range. Further, at sentencing, King was not grievously ill. At that time, the heart attacks and stroke that King had suffered occurred over ten years prior to his sentencing, and his thyroid cancer was in remission. Accordingly, we cannot conclude that King's sentence was procedurally or substantively unreasonable.

## III.    Conclusion

For the foregoing reasons, we conclude that the District Court did not violate *Apprendi* and that the District Court's sentence was reasonable. Accordingly, we will affirm.

---

[2] Pursuant to 18 U.S.C. § 3553(a), when determining a sentence, a judge considers factors such as: the nature and circumstances of the offense; the history and characteristics of the defendant; the need for the sentence imposed; the types of sentences available; and the sentencing range established. *See* 18 U.S.C. § 3553 (2010).

4